NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1886.

GOVE v. HARRIS.

*In the matter of the estate of* RACHEL HARRIS, *deceased.*

One asserting the right, under Code Civ. Pro., § 2614, as a creditor of a decedent, to present the latter's will for probate, must, where his character as such is disputed, set forth facts showing, *prima facie*, that his claim is well founded.

APPLICATION for subpœna commanding production of will, with a view to propounding same for probate. The facts are stated in the opinion.

LA ROY S. GOVE, *for the application.*

M. A. KELLOGG, *for Lewis A. Harris.*

THE SURROGATE.—The Code of Civil Procedure (§ 2614) provides that a creditor of a decedent may present a petition for the probate of a paper propounded as such decedent's will. Abigail B. Gove claims to be a creditor of this decedent, alleges that said Rachel left a last will and testament which is now in the possession of Lewis A. Harris and his counsel Melville A. Kellogg, and asks that a *subpœna duces tecum* may issue, directed to them and each of them, requiring them to produce the will before the Surrogate for probate. The attorney for Lewis A. Harris has filed an affidavit of said Harris denying that the petitioner is a creditor of the estate.

Now, I have repeatedly held, in applications by persons claiming to be creditors, for orders directing the filing of inventories or accounts, that a mere allegation that such applicants were "creditors" would entitle them to the relief asked, unless that allegation were denied, but that, in the event of such denial, the applicant should be required to set forth *facts* which if undisputed would show that his claim to be a creditor was well founded.

It seems to me the practice should be the same in a proceeding like the present. The petitioner's claim to be a creditor is here denied. Before his right to

further prosecute the proceeding is recognized, he must make a more definite statement of the nature of his claim by setting forth the facts upon which it is founded (Creamer v. Waller, 2 *Dem.*, 351).